

FILED

JUN 2 5 2020

Clerk, U S District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 17-10-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | ORDER RE DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE ALLEGED CO-CONSPIRATOR STATEMENTS |
| GREGORY REX WILSON, | |
| Defendant. | |

Before the Court is Defendant Gregory Rex Wilson's motion *in limine* (Doc. 72) to exclude evidence of extrajudicial co-conspirator statements from introduction at trial, currently set for August 10, 2020. The Government intends to introduce the statements under the hearsay exception found in Federal Rule of Evidence 801(d)(2)(E). To do so, the Government must first satisfy its burden of demonstrating, by a preponderance of the evidence, that (1) a conspiracy involving Wilson existed at the time the statements were made, and (2) that the statements were made in furtherance of that conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). This

1

burden cannot be satisfied by the existence of the statements alone, but requires some additional, "fairly incriminating" evidence to corroborate the statements. *Silverman*, 861 F.2d at 578. Wilson argues this "fairly incriminating" evidence does not exist and requests a hearing where the Government must introduce the evidence it believes satisfies the burden.

The Government responds that it is confident it can provide this additional evidence but considers a hearing before trial unnecessary and overly burdensome to several witnesses the Government plans to use to demonstrate the conspiracy. Instead, the Government intends to request a sidebar during trial and move for the admission of the statements. As the Government carries the burden in this matter and no special hearing is required by the Rule, the Court will deny Wilson's request for the hearing and await the Government's sidebar motion before making a determination on the admissibility of the offered statements.

**IT IS HEREBY ORDERED** that Wilson's request for a special hearing on the admissibility of the co-conspirator statements is **DENIED.**

**IT IS FURTHER ORDERED THAT** the Court **RESERVES** ruling on the merits of Wilson's motion *in limine* to exclude alleged co-conspirator statements (Doc. 72) in anticipation of the Government's motion.

The Clerk of Court shall notify the parties of this Order.

DATED this 25th day of June, 2020.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge