FILED

JUL - 2 2020

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 17-10-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | ORDER RE DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PRIOR CRIMES, WRONGS, OR OTHER ACTS |
| GREGORY REX WILSON, | |
| Defendant. | |

Before the Court is Defendant Gregory Rex Wilson's motion *in limine* (Doc. 74), filed May 8, 2020, to exclude evidence of prior crimes, wrongs, or other acts from admittance at trial. The Government identified three prior convictions in its response brief, filed May 22, 2020, it intends to admit as impeachment evidence under Fed. R. Evid. 609. Wilson, in his June 22, 2020 reply brief, argues the evidence should be barred from trial because the Government failed to provide adequate notice and cannot demonstrate that the impeachment value of the convictions outweighs their prejudicial effect.

1

Fed. R. Evid. 609 allows the prosecution to admit evidence of prior convictions in order to impeach the truthfulness of a witness. If the conviction is less than 10 years old, the impeaching party must demonstrate either that the conviction is a felony and its probative value outweighs its prejudicial effect, or that the crime is not a felony but involved some element of dishonesty. Fed. R. Evid. 609(a). If the conviction or date of release from confinement is over 10 years old, the evidence cannot be admitted unless the prosecution provides reasonable written notice of its intent to admit the convictions and the probative value of the evidence substantially outweighs its prejudicial effect as demonstrated by specific facts or circumstances. Fed. R. Evid. 609(b).

To find that a prior conviction's probative value outweighs its prejudicial effect, a court must balance several factors including: (1) the impeachment value of the prior crime; (2) the point in time of conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995). This balancing test necessarily involves a heavy analysis of the role and substance of the defendant's intended testimony. Thus, in order to rule on any motion involving Fed. R. Evid. 609, the court must have some indication in the record of what that

2

testimony might entail. To rule on such a motion *in limine* without that knowledge would render the finding premature. *United States v. Browne*, 829 F.2d 760, 762 (9th Cir. 1987).

Here, the record is devoid of indication on what Wilson might testify to or even if he intends to testify on his behalf. The Court cannot adequately balance the impeachment value of the prior convictions against the prejudicial effect of the evidence without this information. For that reason, the Court will reserve its ruling on this motion until trial and await the prosecution's motion prior to their cross-examination of Wilson, if cross-examination is necessary.

**IT IS HEREBY ORDERED** that the Court **RESERVES** ruling on the merits of Wilson's motion *in limine* regarding evidence of prior crimes, wrongs, or other acts (Doc. 74) in anticipation of the Government's motion.

The Clerk of Court shall notify the parties of this Order.

DATED this 1st day of July, 2020.

SUSAN P. WATTERS
United States District Judge